# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4318 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Ivory J Towns (N-02087) vs. Liping Zhang, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. Plaintiff is given until August 24, 2010, to pay the required filing fee or file an accurately and properly completed in forma pauperis application form. Plaintiff is warned that failure to pay the filing fee or file an accurately and properly completed in forma pauperis application form by August 24, 2010, will result in the dismissal of the instant action. Plaintiff's motion for appointment of counsel [4] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# OPINION

This matter is before the court on Plaintiff Ivory Towns' (Towns) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Towns indicates on his *in forma pauperis* application form that he is incarcerated. However, Towns has failed to provide the court "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint," as required under 28 U.S.C. §1915(a)(2). *Id.* Therefore, we deny Towns' motion for leave to proceed *in forma pauperis*. Towns is given until August 24, 2010, to pay the required filing fee or file an accurately and properly completed *in forma pauperis* application form. Towns is warned that failure to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by August 24, 2010, will result in the dismissal of the instant action.

Towns also seeks appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so;

| OPINION |
|---|

and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

     In the instant action, Towns has not shown that he has made efforts to obtain counsel. In addition, this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Towns' ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Towns is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture, and we deny the motion for appointment of counsel.